AmBase Corp. v 111 W. 57th Sponsor LLC

2026 NY Slip Op 02439

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

AmBase Corporation et al., Plaintiffs-Appellants,

v

111 West 57th Sponsor LLC et al., Defendants-Respondents, Matthew W. Phillips et al., Defendants, 111 West 57th partners LLC, et al., Nominal-Defendants.

Decided and Entered: April 23, 2026

Index No. 652301/16|Appeal No. 6457|Case No. 2025-06984|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Blank Rome LLP, New York (Andrew M. Kaufman of counsel), for appellants.

Katsky Korins LLP, New York (Elan R. Dobbs of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about September 10, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the seventh cause of action for indemnification and declaratory relief as against defendants Kevin Maloney and Michael Stern, and granted defendants-respondents' motion for summary judgment dismissing that cause of action as against Maloney and Stern and declaring that Maloney and Stern are not required to indemnify plaintiffs for first-party claims under section 8.7(b) of the joint venture agreement (JVA) and the limited joinders, unanimously modified, on the law, to vacate so much of the declaration and deny defendants' motion as to paragraph (i) of the limited joinders, and otherwise affirmed, without costs.

Supreme Court correctly denied plaintiffs' motion and granted defendants' motion insofar as paragraph (ii) of the limited joinders is concerned. Since indemnity provisions covering first-party claims are not "the norm in Delaware," in order for an indemnity provision to apply to first-party claims, "that intent must be via a clear and unequivocal articulation" (Fortis Advisors LLC v Boston Dynamics Inc., 2025 Del Super LEXIS 243, *12, 2025 WL 1356521, *5 [May 9, 2025, C.A. No. N23C-07-011 PRW CCLD] [internal quotation marks omitted]).

In paragraph (ii) of the limited joinders, Maloney and Stern agreed "to indemnify . . . Investor [i.e., plaintiff 111 West 57th Investment LLC] [and] Investor's Affiliated Persons in accordance with Section 8.7(b)" of the JVA (underlining omitted), which is relatively broad. Usually, "the broader the indemnity provision's language is, the less likely it will be read to cover first-party claims" (Fortis, 2025 Del Super LEXIS 243 at *13, 2025 WL 1356521 at *6). In addition, section 8.7(b) of the JVA, which paragraph (ii) of the joinders reference, requires written notice in the case of a material breach. A requirement of written notice for indemnification indicates that the indemnification obligation applies to third- rather than first-party claims (see e.g. Menzies v Seyfarth Shaw LLP, 2024 US Dist LEXIS 96992, *10, 2024 WL 2804813, *4 [D Del, May 30, 2024, No. 21-cv-249]).

However, the parties' respective interpretations of paragraph (i) of the joinders, i.e., plaintiffs' interpretation that it applies to first-party claims and defendants' interpretation that it applies only to third-party claims, are both reasonable. Thus, paragraph (i) of the joinders is ambiguous (see e.g. Estate of Osborn v Kemp, 991 A2d 1153, 1160 [Del 2010]).

[*2]

In contrast to paragraph (ii) of the joinders, paragraph (i) provides that Maloney and Stern agreed "to indemnify . . . Investor [and] Investor's Affiliated Persons from and against any loss . . . incurred by such Persons by reason of Cause attributed to Sponsor [i.e., defendant 111 West 57th Sponsor LLC] as Manager." One of the definitions of "Cause" is when a "Manager or any of its Affiliates has materially breached its obligations under [the JVA], or materially breached its obligations under any other agreement with the Company or a Subsidiary, and such breach has caused material damage to . . .Investor." Given this language, it is difficult to see how this would apply to a third-party claim, as opposed to a first-party claim (see Menzies, 2024 US Dist LEXIS 96992 at *9, 2024 WL 2804813 at *4; Schneider Natl. Carriers, Inc. v Kuntz, 2022 Del Super LEXIS 165, *87, 2022 WL 1222738, *30 [Apr. 25, 2022, C.A. No. N21C-10-157-PAF]). "[T]here is no definitive language that must be used" (Schneider, 2022 Del Super LEXIS 165 at *86, 2022 WL 1222738 at *30 [internal quotation marks omitted]). The indemnity clause need not "expressly state that it covers first-party claims" (id., 2022 Del Super LEXIS 165 at *90, 2022 WL 1222738 at *31).

The fact that the JVA already contains a fee-shifting provision (section 12.11) cuts against making Maloney and Stern's indemnification obligation apply to first-party claims (see Menzies, 2024 US Dist LEXIS 96992 at *10, 2024 WL 2804813 at *4; Schneider, 2022 Del Super LEXIS 165 at *88-89, 2022 WL 1222738 at *31).

Based on the foregoing, neither side is entitled to summary judgment on the seventh cause of action as that claim pertains to paragraph (i) of the limited joinders.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026